UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTONE B. SEMEDO,<br><br>               Plaintiff,<br><br>    v.<br><br>CARLOS GALVAN, et al.,<br><br>               Defendants. | CV F- 03-5169 OWW DLB P<br><br>FINDINGS AND RECOMMENDATION RE MOTION FOR LAW LIBRARY ACCESS |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. On April 28, 2006, plaintiff filed a request for a court order requiring that he be given four hours per week in the law library. The court construes plaintiff's request as a request for preliminary injunctive relief.

    The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant

threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

With respect to law library access, a preliminary injunction does not serve the purpose of ensuring that plaintiff is able to litigate this action effectively or efficiently.  A federal court is a court of limited jurisdiction.  Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).  Finally, the type of relief sought in any request for a preliminary injunction must bear some relationship to the type of harm alleged in the action.

This case is proceeding on plaintiff's excessive force claim against defendants Galvan and Cervantes.  Were the court to grant an injunction mandating that prison officials allow plaintiff the requested law library access, such relief would not remedy plaintiff's Eighth Amendment claims.  Moreover, plaintiff fails to demonstrate a significant threat of irreparable injury as many of the hundreds of cases pending before this court are litigated to completion with limited access to the law library.

Plaintiff also requests a copy of the Local Rules for the Eastern District of California.  By separate Order, the Court grants this request.  However, with regard to plaintiff's request for a free copy of a publication entitled "Pro Se Litigation Handbook," Plaintiff is advised the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted).  The in forma pauperis statute does not authorize the expenditure of public funds for the purpose sought by plaintiff.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for

1  preliminary injunctive relief, filed on April 28, 2006, be denied.

2  These Findings and Recommendations will be submitted to the United States District Judge
3  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20)
4  days after being served with these Findings and Recommendations, plaintiff may file written
5  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
6  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
7  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
8  1153 (9th Cir. 1991).

9  IT IS SO ORDERED.

10  **Dated:   May 5, 2006**          **/s/ Dennis L. Beck**
    3c0hj8                            UNITED STATES MAGISTRATE JUDGE